**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHELDON G. ADELSON, an individual, | 2:06-CV-1590-ECR-PAL |
| Plaintiff, | |
| vs. | **Order** |
| MOSHE HANANEL, | |
| Defendant. | |

Now before the Court is Defendant's motion for summary judgment (#222), filed on July 15, 2009.  This motion comes late in the game — trial of this matter is set for October 6, 2009.  The Magistrate Judge granted (#225) Defendant's motion (#221) to extend the deadline for filing such motions, so the motion for summary judgment (#222) is timely.

For the reasons set forth below, Defendant's motion for summary judgment (#222) will be denied.

**I. Background**

Plaintiff Sheldon G. Adelson ("Adelson") is an entrepreneur and a resident of Nevada.  Defendant Moshe Hananel ("Hananel") is a former employee of one of Adelson's companies and a resident of Israel.  Adelson and Hananel have been involved in litigation with

one another in various courts, both in the United States and Israel, since 2003.

The present case constitutes the re-filing in Nevada of similar claims first brought in the United States District Court for the District of Massachusetts, which were dismissed for lack of personal jurisdiction over Hananel.  Adelson's Complaint (#1) was filed on December 11, 2006, asserting claims for defamation and "civil harassment" against Hananel.  The parties have since engaged in extensive discovery, among other things, and the case is now nearly ready for trial.  The Court entered the pretrial order (#226) on July 15, 2009, and trial is set for October 6, 2009.  The pretrial order (#226) indicates that Adelson will assert only his claim for defamation at trial.[1]

The motion for summary judgment (#222) now before the Court also was filed on July 15, 2009, together with a separately filed memorandum of points and authorities (#223).  Hananel opposed (#234) the motion (#222), and Adelson replied (#237).

### **II. Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. N.W. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84

---

[1] Adelson's opposition to the present motion confirms that Adelson no longer asserts a claim for civil harassment. (See P.'s Opp. at 4 n.3 (#234).)

2

F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party.  FED. R. CIV. P. 50(a).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Although the parties may submit evidence in an inadmissible form - namely, depositions, admissions, interrogatory answers, and affidavits - only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment.  FED. R. CIV. P. 56(c); Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue

3

for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. <u>Anderson</u>, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. <u>B.C. v. Plumas Unified Sch. Dist.</u>, 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. <u>Id.</u> Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. <u>Celotex</u>, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. <u>Id.</u>

### III. Analysis

Hananel's motion (#222) and accompanying memorandum of points and authorities (#223) assert that he is entitled to summary judgment on Adelson's claim for defamation. Hananel's arguments boil down to two basic contentions: (1) Adelson's claims are barred by the applicable statute of limitations; and (2) Adelson cannot establish the damages element of a defamation claim. We will address these two contentions separately.

A. <u>Statute of Limitations</u>

We may reject Hananel's arguments relating to the statute of limitations with celerity because we have already rejected them

4

twice before.  On January 16, 2008, we ruled from the bench that the two-year statute of limitations on Adelson's defamation claim was equitably tolled during the pendency of the previous action in the District of Massachusetts, and the present action thus was timely filed.  (See Decl. of Ronald D. Kent, Ex. 8 (Transcript of Jan. 16, 2008 Hearing) at 5-10 (#235).)  On March 6, 2008, we issued a Minute Order (#125) denying Hananel's motion for reconsideration (#107) of that issue.

As Hananel notes, our previous rulings on the statute of limitations issue related to a motion to dismiss, whereas the present motion seeks summary judgment.  (See P.'s Memo. at 19-20 (#223).)  Hananel fails to describe any specific reason, however, why the current procedural posture of the case should make a difference in our analysis, and we cannot discern any.  There do not appear to be any "contradicted facts" (id. at 19) that we previously presumed to be true — as appropriate in ruling on a motion to dismiss, but not a motion for summary judgment — that are relevant to the equitable tolling analysis.

Thus, Hananel's motion (#222) will be denied with regard to the issue of the statute of limitations for the reasons stated at the hearing on January 16, 2008, and our Minute Order of March 6, 2008 (#125).

B.  Defamation

A federal court sitting in diversity must apply the substantive law of the forum state in which it resides.  Vacation Village, Inc. v. Clark County, Nev., 497 F.3d 902, 913 (9th Cir. 2007) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)).  Under Nevada law, "an

5

action for defamation requires the plaintiff to prove four elements: '(1) a false and defamatory statement . . . ;(2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages.'" Clark County Sch. Dist. v. Virtual Educ. Software, Inc., ---P.3d---, No. 50313, 2009 WL 2414820, at *6 (Nev. Aug. 6, 2009) (quoting Pope v. Motel 6, 114 P.3d 277, 282 (Nev. 2005)). If the defamatory communication "imputes a 'person's lack of fitness for trade, business, or profession,' or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." Id. (quoting K-Mart Corp. v. Washington, 866 P.2d 274, 282 (Nev. 1993)). In determining whether a statement constitutes defamation per se, words "are to be taken in their plain and natural import according to the ideas they convey to those to whom they are addressed; reference being had not only to the words themselves but also to the circumstances under which they were used." Talbot v. Mack, 169 P. 25, 29 (Nev. 1917).

 Hananel argues that summary judgment is appropriate here because Adelson failed to adequately plead damages and has produced no evidence relating to damages. This argument, in turn, depends on the premise that any allegedly defamatory statements at issue could not be considered defamation per se, so damages are not presumed.

 Only a single allegedly defamatory statement is at issue. The statement is a quote attributed to Hananel in a newspaper article published in the Las Vegas Sun on February 18, 2004. (D.'s Memo, Ex. B (#223).) The article is about a lawsuit Hananel had brought against Adelson in Israel alleging breach of contract. Adelson,

6

through a spokesperson, apparently "characterized Hananel as a disgruntled former employee and an opportunist who is using the press and the media 'to extort a settlement.'" (Id.)  Hananel responded to that characterization, according to the author of the article, with the statement at issue in this case: "Regarding opportunism, the only opportunist here is Mr. Adelson, who uses the fact that I'm blind now to expel me from my rights." (Id.)

Hananel argues that this statement could not constitute defamation per se because "the defamatory meaning is not apparent on its face . . . a person of ordinary intelligence would require extrinsic facts and evidence, namely the history of the events and the various lawsuits between the parties and substantive issues included therein,to understand the alleged defamatory nature of the statement." (D.'s Memo at 10-11 (#223).)  We disagree.

Under Nevada law, mere innuendo may not be considered defamation per se. Talbot, 169 P. at 31-32 (noting that "language or terms which are not libelous per se . . . cannot be made so through the function or force of an innuendo").  A statement, however, that directly imputes to the plaintiff "dishonesty, lack of fair dealing, want of fidelity, integrity, or business ability," even in general terms and without supporting details, is considered defamation per se. Id. at 30.  For example, in Talbot, the Nevada Supreme Court discussed the following snippet of doggerel from an earlier Minnesota defamation case: "Slippery Sam, your name is pants." Id. at 33 (quoting Peterson v. W. Union Tel. Co., 67 N.W. 646, 646 (Minn. 1896)).  This statement was considered "on its face fairly susceptible of a libelous meaning," id., even though none of

7

the details underpinning the assertion that "Sam" was "slippery," in the sense of being "dishonest and apt to play one false," id., are immediately discernible, and the precise meaning of "your name is pants" is enigmatic.

Here, the precise meaning of the statement that Adelson "uses" the fact that Hananel is blind to "expel [him] from [his] rights" is somewhat unclear, and it is not even apparent which "rights" are being referenced. At trial, the meaning of the statement would be a for the jury to decide. See Branda v. Sanford, 637 P.2d 1223, 1225 (Nev. 1981) (noting that if an allegedly defamatory statement is "susceptible of different constructions, one of which is defamatory, resolution of the ambiguity is a question of fact for the jury"). Taking reasonable inferences in Adelson's favor, however, as we must on a motion for summary judgment, this statement on its face may fairly be understood to impute to Adelson a lack of fair dealing and perhaps dishonesty or lack of integrity. Under Clark County and Talbot, such a statement regarding a plaintiff, such as Adelson, whose business would (again, taking reasonable inferences in Adelson's favor) tend to be injured thereby, is deemed defamation per se.

We conclude the statement at issue here is susceptible to a construction that would be deemed defamation per se under Nevada law. Thus, if the jury were to agree that the statement should be so construed, damages would be presumed. See Clark County, 2009 WL 2414820, at *6. Hananel's challenges to the sufficiency of Adelson's pleadings and evidence regarding damages therefore fail.

### IV. Conclusion

For the third time, we repeat our ruling that Adelson's defamation claim was timely filed because the statute of limitations was equitably tolled during the pendency of the previous action in the District of Massachusetts. Further, the allegedly defamatory statement at issue in this case is susceptible to a construction that would be considered defamation per se under Nevada law. If the jury were to find that the statement should be so construed, damages would be presumed. Hananel's challenges to the sufficiency of Adelson's pleadings and evidence regarding damages, therefore, do not provide an appropriate basis for entry of summary judgment in his favor.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendant's Motion for Summary Judgment (#222) is **DENIED**.

DATED: August 26, 2009.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

9